321 So.2d 827 (1975)
TOOMER ELECTRICAL COMPANY, INC.
v.
HUMBLE OIL AND REFINING COMPANY et al.
No. 10417.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
Writ Refused January 16, 1976.
*828 Walton J. Barnes, Baton Rouge, for plaintiff Toomer Electrical Co., Inc., appellant.
Robert J. Jones, Baton Rouge, for defendant Dept. of Highways, State of La., Appellee.
Allen J. Bergeron, Jr., Baton Rouge, for defendant Derral Deen Walker, appellee.
Robert L. Kleinpeter, Baton Rouge, for defendant Edwin Edwards, appellee.
Wallace A. Hunter, Baton Rouge, for defendant Humble Oil & Refining Co., appellee.
Horace C. Lane, Baton Rouge, for defendants E. N. Edwards & State Farm Mutual Auto. Ins. Co., appellees.
John F. McKay, Baton Rouge, for defendant Julia Calvaruso, Indv. and on behalf of her minor son, Joseph Calvaruso, appellee.
Before SARTAIN, CONVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
This case, together with cases numbered 10418, 10419, 10420, 10421, 10422, and 10423 (bearing numbers 148369, 148878, 150269, 151740, 152165, 153437, and 153455 in the trial court) were consolidated in the lower court for purposes of trial and also were consolidated and argued simultaneously in this court. Separate judgments shall be rendered herein.
The trial court handed down excellent written reasons for judgment and we will quote extensively therefrom with approval, as follows:
"These seven consolidated cases arose from a series of events occurring on December 23, 1970, about 6:00 to 6:30 p.m. on 1-110 between Choctaw Drive and Twenty-second Street. The undisputed facts are these.
"Mrs. Carol Clark Madigan Dupuy Knickerbocker, driving a 1964 Oldsmobile southward on 1-110 after dark and in a hard rain, with Pat Adams as a guest passenger, had a one-car accident, running into the east or left curb and/or rail. A wrecker driven by Willie Lee came by and stopped. A period of discussion and negotiation estimated at from 5 to 15 minutes ensued. Edwin N. Edwards in a 1969 Pontiac and Derral D. Walker driving a Mack truck and a tandem trailer loaded with 9,000 gallons of gasoline entered 1-110 at Wyandotte with an undetermined but short interval between them. Edwards was driving in the middle lane. It is disputed as to whether Walker was in the middle or right-hand lane. The sequence of the collisions is disputed but there were collisions between the Pontiac and the Oldsmobile and between the Pontiac and the Mack truck. The latter went out of control and broke through the east or lefthand rail and the gasoline ignited. Both Walker and Edwards were seriously injured; extensive damage was done to the highway and to electrical work being done by Toomer Electrical Company, Inc.; the Mack truck and the Pontiac were total losses; and Mrs. Calvaruso, who lived on Pocohontas Street near the scene, claims burns and mental injuries.[1]
"In Suit Number 148,369, plaintiff, Toomer Electrical Company, Inc., seeks recovery of $6,953.57 from Humble Oil and Refining Co. (now Exxon), Hartford Accident and Indemnity Company, State *829 Farm Mutual Automobile Insurance Company, Allstate Insurance Company, Carol Clark Madigan Dupuy Knickerbocker, Edwin N. Edwards, Derral Deen Walker, Pat Adams and Willie Lee for repairs to the lighting system it was engaged in installing on the Baton Rouge Interstate routes. The claim against Willie Lee was voluntarily dismissed. The claims against Hartford Accident and Indemnity Company and Allstate Insurance Company were dismissed on motions for summary judgment. Evidently, Mrs. Knickerbocker and Pat Adams were never served. State Farm as an employer of Edwards, was relieved on a motion for summary judgment, remaining in the suit, however, as the insurer of Edwards.
"In Suit Number 148,878, the Department of Highways of the State of Louisiana seeks recovery of $206,739.71, from Humble Oil and Refining Company (now Exxon), State Farm Mutual Automobile Insurance Company, Hartford Accident and Indemnity Company, Carol Clark Madigan Dupuy Knickerbocker, Edwin N. Edwards, Derral Deen Walker, Pat Adams and Willie Lee for repairs made to Interstate 110 after the accidents and fire herein sued upon. Hartford Accident and Indemnity Company was dismissed on a motion for summary judgment. Willie Lee was voluntarily dismissed. Mrs. Knickerbocker and Mr. Adams were never served. State Farm, as the employer, but not as the insurer, was relieved on a motion for summary judgment.
"In Suit Number 150,269, Derral Deen Walker seeks recovery in the amount of $25,360.00 for injuries and damages from Hartford Accident and Indemnity Company, State Farm Mutual Automobile Insurance Company, Carol Clark Madigan Dupuy Knickerbocker, Edwin N. Edwards, Pat Adams and Willie Lee. Hartford was released on a motion for summary judgment. Willie Lee was voluntarily dismissed. Pat Adams was evidently never served. Issue was never joined as to Mrs. Knickerbocker.
"In Suit Number 151,740, Edwin N. Edwards seeks recovery of $89,000.00 for personal injuries and damages from Humble Oil and Refining Company (now Exxon), Hartford Accident and Indemnity Company, Carol Clark Madigan Dupuy Knickerbocker, Derral Deen Walker and Willie Lee. Hartford was dismissed on a motion for summary judgment. Willie Lee was voluntarily dismissed. Mrs. Knickerbocker was never served.
"In Suit Number 152,165, Humble Oil and Refining Company (now Exxon) seeks recovery of $26,585.00 for damages from State Farm Mutual Automobile Insurance Company both as the employer and the insurer of Edwin N. Edwards, Edwin N. Edwards, Carol Clark Madigan Dupuy Knickerbocker, Willie Lee and Hartford Accident and Indemnity Company. State Farm was relieved in the capacity of employer of Edwards, but not as his insuror (sic), on a motion for summary judgment as was Hartford Accident and Indemnity-Company. Willie Lee was voluntarily dismissed. Mrs. Knickerbocker was never served.
"Suit Number 153,437, is by State Farm Mutual Automobile Insurance Company against Humble Oil and Refining Company (now Exxon), Hartford Accident and Indemnity Company, Carol Clark Madigan Dupuy Knickerbocker, Derral Deen Walker, and Willie Lee, seeking recovery of $2,182.51 for the amount it has lost because of its insurance on the vehicle of Edwin N. Edwards. Hartford was dismissed on a motion for summary judgment. Willie Lee was voluntarily dismissed. Mrs. Knickerbocker was never served.
"In Suit Number 153,455, Mrs. Julia Calvaruso seeks damages for herself and her minor son, Joseph Calvaruso, in the amount of $15,000.00, from Humble Oil and Refining Company (now Exxon), State *830 Farm Mutual Automobile Insurance Company, Hartford Accident and Indemnity Company, Carol Clark Madigan Dupuy Knickerbocker, Edwin N. Edwards, Derral Deen Walker, Pat Adams and Willie Lee. Mrs. Knickerbocker and Mr. Adams were never served. Hartford Accident and Indemnity Company was dismissed on a motion for summary judgment. Willie Lee was voluntarily dismissed.
"The negligence of Willie Lee and Carol Knickerbocker will not be considered and the facts involving them will not be adduced except as needed to explain the other facts.
"The Knickerbocker car was life in its disabled condition facing not quite directly into the curb on the left side with the left southbound lane completely blocked and the middle lane intruded into by the rear and by at least two or three feet. There were no street lights in that area at the time and there was a downpour of rain.
"Edwards testified that he was proceeding southward in the middle lane at a speed of about 40 miles per hour. As he came over the Choctaw `hump' he saw the revolving yellow light (he called it a red light) atop the wrecker. As he came nearer he became aware of the disabled Oldsmobile. He began a normal stopping procedure and had slowed to about thirty miles per hour when he was struck violently in the rear. He is a little vague as to the ensuing events but his car stopped ahead of the Oldsmobile and wrecker, against the left curb facing in a northwesterly direction. The truck and trailer, ahead of him, had broken through the rail and was burning.
"Derral D. Walker testified he was driving in the right-hand lane southward at a speed of about 40 miles per hour. He does not recall seeing the yellow light. The Pontiac car in the middle lane struck something and `glanced off into his lane of traffic. He was unable to avoid hitting it. His truck and trailer slid to the left despite his efforts to control and went through the rail and exploded.
"Mrs. Knickerbocker, whose deposition was taken but who did not testify at the trial, did not contribute anything that was helpful to the decision of the case. Pat Adams was not located for service of process, depositions or testimony at the trial.
"Willie Lee testified that he was in the cab of the wrecker when he heard two collisions; he looked and saw the truck coming by him. He thinks he saw the car also. When the gasoline caught on fire, he backed out and left.
"The investigating officer placed the first point of impact at approximately 260 feet north of the fire. The Oldsmobile was not engaged in the railing and was then facing north. He found no debris indicating a collision between the Olds and Pontiac. He located a collision as taking place in the right-hand lane 52 feet south of the collision of the Olds with the left railing and 182 feet north of the break in the east retaining wall. There were skid marks from the truck trailer and the Pontiac starting in the right-hand lane at the debris.
"Alvin Doyle examined the three vehicles involved. He found that the Olds had been struck twice and that the damage to its left rear was unrelated to the damage to its front. The Pontiac's paint coincided with the paint on the left side of the Olds. Most of the glass of the Pontiac fell inside the car. His opinion was that the Pontiac was most likely in the middle lane when it was struck and was not rotating or spinning when it was hit in the rear.
"Dr. William H. Tonn expressed his opinion that the probability was that the truck hit the Pontiac knocking it into the Oldsmobile; that the Pontiac was to the left of where the glass debris was found and that the impact was at a slight angle, less than 20 or 25 degrees.
*831 "An analysis of the photographs is of some assistance. Exxon-1 shows the Olds heading northwest, leading to the conclusion that the impact of the Olds and the Pontiac caused the Olds to rotate between 90 and 180 degrees. Exxon-3, Exxon-14, Exxon-15, State Farm-2, and State Farm-3 show the damage to the left front of the Olds. Exxon-8, Exxon-11, Exxon-12, and State Farm-4 show the damage to the left side over or near the rear wheel of the Olds. As noted above, Mr. Doyle found there was no connection between these damages. Exxon-22 shows little or no damage to the right side of the Olds. Exxon-13 and State Farm-5 show little damage to the rear of the Olds. Exxon-9, Exxon-17 and State Farm-6 show the damage to the left front of the Pontiac. Exxon-18 shows little damage to the left front side of the Pontiac. Exxon-16, Exxon-19, Exxon-20, State Farm-7, State Farm-8 and State Farm-9, show the extensive damage to the rear of the Pontiac. State Farm-10 shows the glass in the rear of the Pontiac adverted to by Mr. Doyle. Exxon-25 shows the Pontiac pointing northwest evidently in the position in which it came to rest. Exxon-4 shows gouge marks in the right lane of traffic and the skid marks leading to the break in the rail. The latter are also shown in Exxon-5. Exxon-6 shows both the marks on the left curb and the break in the rail. Exxon-23 was identified as showing marks in the east railing. However, because of the background of the photo, it has to be of the west railing.
"After studying at considerable length and with considerable detail all this evidence the Court has come to the conclusion that the following is what happened.
"When Mr. Edwards came over the Choctaw `hump' and saw the revolving light, he was alerted to something unusual. He naturally expected this to be in front of or at the same place as the light. He began a slowing procedure. The Olds, unlighted and cross-wise to his direction of travel, protruding into the middle lane some three or four car-lengths back of the revolving light, was therefore a hidden trap to him. Even if he became aware of the car before striking it there was a sudden emergency that he was unable to avoid. The Court finds no negligence on the part of Mr. Edwards even though it concludes that Mr. Edwards struck the Olds before being hit by the truck.
"Mr. Walker, the Court finds, was proceeding in the right-hand lane, when Mr. Edwards' car came into his lane of travel after the latter hit the Olds. He was also confronted with a sudden emergency that he was unable to avoid. The Court comes to this conclusion even though Messrs. Doyle and Tonn believed the collision occurred in the middle lane and the latter believed that the collision between the truck and Pontiac preceded that between the Olds and the Pontiac. The reversal of direction of the Olds, the unequivocal testimony of Walker, the location of the debris further south from where the Olds hit the rail, the comparatively greater damage to the right rear of the Pontiac, the skid marks beginning in the righthand lane, the arc of the slides of both the Pontiac and the truck missing, as it did, the wrecker, are all persuasive of this conclusion. Even Messrs. Doyle and Tonn conceded that their findings led only to conclusions of probability and could not rule out entirely the collision in the right-hand lane. At least some of their opinions are weakened by the obvious facts that the Pontiac was moving with great force when it struck the Olds, whether self-propelled or not, and that the Olds was standing on a surface made less resistant by a downgrade and a downpour of rain.
"But even if it be concluded that the collision was in the middle lane, the result would be the same. Mr. Edwards was confronted with a sudden emergency and so was Mr. Walker. The collision between the Olds and the Pontiac must have preceded *832 that between the Pontiac and the truck or the two must have been coincident or practically so. The Court cannot accept Mr. Edwards' belief that he was going about 30 miles per hour coming to a normal stop when he was struck. For one thing the consequences of that collision were disproportionate to a difference in speeds of 10 miles per hour or less between the vehicles. Even if Mr. Edwards were engaged in stopping it was of a panic nature and only added to the emergency confronting Walker.
"Both Toomer and the Department of Highways have contended for strict liability on the part of Walker and Exxon. The Court cannot adopt that position. In the first place, there is no holding in Louisiana to that effect. In the second place, it would be illogical to impose strict liability without negligence on them when the accidents were caused by the negligence of others. Furthermore, the case cited by them, Seigler v. Kuhlman, 81 Wash, (2d) 448, 502 P.2d 1181 (1972) is distinguishable on its facts, in that the truck and trailer carrying gasoline became disengaged from each other and the trailer overturned without possible negligence of third parties. Even if the present situation be one of burden of proof on the part of Walker and Exxon to exonerate themselves, the Court believes that burden has been borne. Res ipsa loquitur is inapplicable.
"Argument has been made that both Edwards and Walker violated the so-called `assured clear distance' rule. As was pointed out in Craker v. Allstate Insurance Company, 259 La. 578, 250 So.2d 746 (1971), `which ones (dangers) are foreseeable is a question that has to be answered by common sense, on the basis of the circumstances in each case.' The Court does not believe that either Mr. Edwards or Mr. Walker was negligent under these circumstances.
"These conclusions obviate the necessity of recounting and evaluating the extensive injuries of both Mr. Edwards and Mr. Walker. They also obviate the necessity of the Court considering the rather far-fetched claim of Mrs. Calvaruso who claims that she was burned by the heat, not any flame, of the burning gasoline from across at least three lanes of the Interstate, a service road, and some additional diagonal distance from the fire plus emotional upset therefrom.
"Plaintiff Derral Deen Walker has urged the Court despite these conclusions to make a finding of his damages because of his possible recovery under Uninsured Motorist Coverage. In the view of the Court this would be no more than an advisory opinion and is therefore denied.
"Both Alvin Doyle and William H. Tonn, Jr., qualified and testified as experts. Their fees are set at $75.00 each and taxed as costs.
"For these reasons there will be judgment in Suit Number 148,369, in favor of the defendants, Humble Oil and Refining Company, State Farm Mutual Automobile Insurance Company, Edwin N. Edwards and Derral Deen Walker, and against the plaintiff, Toomer Electrical Company, Inc., denying the latter's claim at its costs.
We do not feel that any manifest error was committed by the trial judge in reaching his conclusions and, therefore, we affirm his decision; Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), Papania v. Aetna Casualty & Surety Co., 291 So.2d 908 (La.App.3rd Cir., 1974), writ denied, 294 So.2d 835 (1974).
Affirmed.
NOTES
[1] A question was raised as to whether the trial court correctly stated the exact site on 1-110, relative to street names of exits, where the events took place; in view of our conclusions, this is of no consequence.